UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

JASON OSBORN,

    Plaintiff,

vs.

LINCOLN LIFE ASSURANCE
COMPANY OF BOSTON f/k/a LIBERTY
LIFE ASSURANCE COMPANY OF BOSTON,

    Defendant.
_____)

## COMPLAINT

The Plaintiff, JASON OSBORN ("OSBORN"), by and through the undersigned counsel, hereby sues LINCOLN LIFE ASSURANCE COMPANY OF BOSTON f/k/a LIBERTY LIFE ASSURANCE COMPANY OF BOSTON ("LINCOLN") and alleges:

## PRELIMINARY ALLEGATIONS

1.     "Jurisdiction"- This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by a Plaintiff for employee benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, and to clarify Plaintiff's rights under the employee benefit plan administered and funded by the Defendant. Plaintiff seeks relief, including, but not limited to, payment of benefits, prejudgment and post judgment interest, reinstatement of plan benefits at issue herein, and attorney's fees and costs.

2.     OSBORN was at all times relevant a plan participant under the Dish Network

Corporation Group Long-term Disability Plan # GD/GF3-860-066691-01 (the "LTD Plan").

3. Defendant, LINCOLN, is a Corporation with its principal place of business in the State of Pennsylvania, authorized to transact and transacting business in the Southern District of Florida.

4. LINCOLN is the insurer of benefits under the LTD Plan and acted in the capacity of a plan administrator.

5. As the decision maker and payor of plan benefits, LINCOLN administered the claim with a conflict of interest and the bias this created affected the claims determination.

6. The LTD Plan is an employee welfare benefit plan regulated by ERISA, established by Dish Network Corporation ("DNC"), in which OSBORN was a participant, and pursuant to which OSBORN is entitled to Long Term Disability benefits ("LTD benefits"). Pursuant to the terms and conditions of the LTD Plan, OSBORN is entitled to LTD benefits for the duration of his disability, for so long as OSBORN remains disabled as required under the terms and conditions of the LTD plan.

7. Venue is proper in this district under 29 USC 1132 (e)(2), in that Defendant, LINCOLN, is authorized to and is doing business within the Southern District of Florida, and the Defendant can be found in the Southern District of Florida.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COST PURSUANT TO 29 U.S.C. § 1132(a)(1)(B)**

8. OSBORN incorporates by reference all preceding paragraphs as though fully set forth herein.

9. At all times relevant, OSBORN was an employee of DNC and a plan participant under the terms and conditions of the LTD Plan.

10. During OSBORN's employment with DNC, OSBORN became entitled to benefits under the terms and conditions of the LTD Plan. Specifically, on or about September 4, 2017, while OSBORN was covered under the LTD Plan he suffered a physical disability as a result of "sickness", the nature of which, due to privacy, is detailed within the administrative record, rendering him disabled as defined under the terms of the LTD Plan.

11. As it relates to OSBORN's current claim for benefits, Disability is defined to mean:

> "Disability" or "Disabled", means:
>
> i. that during the Elimination Period and the next 24 months of Disability the Covered Person, as a result of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation; and
>
> ii. thereafter, the Covered Person is unable to perform, with reasonable continuity, the Material and Substantial Duties of Any Occupation.
>
> "Any Occupation" means any occupation that the Covered Person is or becomes reasonably fitted by training, education, experience, age, physical and mental capacity.

12. Due to restrictions and limitations arising from a "sickness", resulting in "Disability", OSBORN made a claim to LINCOLN for benefits under the LTD Plan beginning February 14, 2018.

13. Soon after submitting his claim, LINCOLN approved and paid OSBORN's claim for disability benefits with benefit payments beginning on or about September 4, 2017.

14. On or about August 30, 2019, LINCOLN notified OSBORN that it would not be paying benefits beyond September 3, 2019 and that it was denying his disability claim beyond that date.

15. OSBORN timely appealed LINCOLN's adverse benefit determination.

16. On or about April 13, 2020, LINCOLN affirmed its adverse determination and

upheld its decision to deny OSBORN's LTD benefits.

17. In its April 13, 2020, letter to OSBORN, LINCOLN informed him that his administrative right to review had been exhausted and that the contractual limitations period to bring a civil action expires on May 13, 2023.

18. OSBORN has fully complied with filing all mandatory administrative appeals required under the LTD Plan.

19. LINCOLN breached the LTD Plan and violated ERISA in the following respects:

   a. Failing to pay LTD benefits to OSBORN at a time when LINCOLN and the LTD Plan knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the LTD Plan, as OSBORN was disabled and unable to work and therefore entitled to benefits.

   b. After OSBORN's claim was denied, LINCOLN failed to adequately describe to OSBORN any additional material or information necessary for OSBORN to perfect his claim along with an explanation of why such material is or was necessary.

   c. LINCOLN failed to properly and adequately investigate the merits of OSBORN's disability claim and failed to provide a full and fair review of OSBORN's claim.

20. OSBORN believes and alleges that LINCOLN wrongfully denied his claim for LTD benefits under the LTD Plan, by other acts or omissions of which OSBORN is presently unaware, but which may be discovered through the course of litigation. OSBORN reserves the right to supplement the administrative record with whatever additional evidence is discovered.

21. As a proximate result of LINCOLN's wrongful conduct, OSBORN has damages for loss of disability benefits in a total sum to be shown at the time of trial or summary judgment.

22. As a further direct and proximate result of LINCOLN's improper benefit determination, OSBORN, in pursuing this action, has been required to incur attorney's costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), OSBORN is entitled to have such fees and costs paid by LINCOLN.

23. LINCOLN's wrongful conduct has created uncertainty where none should exist; therefore, OSBORN is entitled to enforce his rights under the terms of the LTD Plan and to clarify his right to future benefits under the LTD Plan.

## **REQUEST FOR RELIEF**

WHEREFORE, JASON OSBORN prays for relief against LINCOLN LIFE ASSURANCE COMPANY OF BOSTON as follows:

1. Payment of disability benefits owed to Jason Osborn through the date that judgment is entered;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which he is entitled by virtue of his disability, and that benefits are to continue to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the plan administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of prejudgment and post judgment interest as allowed for under ERISA; and

6.     Such other and further relief as this Court deems just and proper.

        ATTORNEYS DELL AND SCHAEFER,
CHARTERED
Attorneys for Plaintiff
2404 Hollywood Boulevard
Hollywood, FL  33020
Phone: (954) 620-8300
Fax: (954) 922-6864

*S/ Cesar Gavidia*

Cesar Gavidia, ESQUIRE
Florida Bar No: 015263
Email: Cesar@diattorney.com